IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  |
|---|---|---|
| DAWUD BASHAN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-112 |
| | ) | |
| CHRISTOPHER RABUN, Deputy, | ) | |
| Richmond County Sheriff's Office, and | ) | |
| KENNETH E. ATTERTON, Investigator, | ) | |
| Richmond County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. The Clerk of Court filed a letter from Plaintiff as a "Motion for Subpoenas." (Doc. no. 26.) In the letter, Plaintiff asks the Court to direct the Clerk to issue him "three signed but otherwise blank subpoena forms." (Id.)

If Plaintiff wants the Court to take any action in this case, he must file a properly captioned motion and may not simply write letters to the Court. See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). In addition, the filing does not contain a certificate of service, as is required by Local Rule 5.1, showing that his "motion" was served on defense counsel. Plaintiff previously received instructions about the requirements for his filings, including the necessity for a certificate of service under Local Rule 5.1. (See doc. no.

16, p. 4.) Accordingly, the Court **DENIES** Plaintiff's request, (doc. no. 26), based on the failure to comply with the Local Rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (affirming summary denial of motion for failure to comply with Local Rules).

Moreover, pursuant to a standing Order in the Southern District of Georgia, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison." In re Subpoenas, MC 496-006, doc. no. 1, p. 1 (S.D. Ga. Jan. 16, 1996). Rather, the production of documents should be sought through other available means. (Id.) Thus, Plaintiff is not entitled to have blank subpoenas issued to him, and as previously explained, he should direct his discovery requests to Defendants via their counsel. (See doc. no. 16, pp. 4-5 (explaining discovery process under Federal Rules of Civil Procedure).)

SO ORDERED this 8th day of April, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.