IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DAWUD BASHAN JONES,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )            CV 124-112
                                       )
CHRISTOPHER RABUN, Deputy,             )
Richmond County Sheriff's Office, and  )
KENNETH E. ATTERTON, Investigator,     )
Richmond County Sheriff's Office,      )
                                       )
            Defendants.                )
                                   _____

**O R D E R**
                                   _____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis*.

Defendants move to strike, or in the alternative to dismiss, Plaintiff's Third Amended Complaint.

(Doc. no. 39.)  Plaintiff did not respond to the motion, and it is therefore deemed unopposed.  See

Loc. R. 7.5.  As explained below, the Third Amended Complaint is a nullity, and the Court

therefore **GRANTS** the motion to strike.  (Doc. no. 39-1.)

I.    **Background**

The Court screened Plaintiff's second amended complaint and found Plaintiff had arguably

stated a viable excessive force claim against Defendant Atterton, as well as a failure to intervene

claim against Defendant Rabun.  The Court also found Plaintiff had arguably stated a viable claim

against both Defendants for deliberate indifference to a serious medical need.  (Doc. no. 16.)

Defendants filed their answer on February 21, 2025, and the Clerk issued a Scheduling Notice

setting a deadline of April 22, 2025, for amending the pleadings. (Doc. nos. 24, 25.) On July 18, 2025, the Court extended the deadline for filing civil motions until September 10, 2025, but specifically stated, "All provisions of the prior Scheduling Notice not revised herein shall remain in full force and effect." (Doc. no. 36.) On July 30, 2025, the Clerk of Court filed a Third Amended Complaint from Plaintiff, dated July 19, 2025, in which he seeks to add a John Doe Deputy as a Defendant. (Doc. no. 38.)

## II.    Discussion

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course" within twenty-one days after service or twenty-one days after service of a responsive pleading or service of a Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave to amend must be sought if a litigant is no longer within the time period for amending as of right.

> As a prominent treatise has summarized: "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." 6 Mary Kay Kane, Federal Practice & Procedure § 1484 (3d ed. April 2023); see also, e.g., Hoover v. Blue Cross & Blue Shield of Ala., 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting Wright & Miller). The treatise, and Hoover, recognize that a "pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." Hoover, 855 F.2d at 1544 (emphasis in original) (internal quotation marks and citation omitted).

Griffin v. Philips, No. 4:22-CV-268, 2023 WL 6147795, at *1 (S.D. Ga. Sept. 20, 2023) (Baker, C.J.), *reconsideration denied sub nom.* Griffin v. Phillips, No. 4:22-CV-268, 2024 WL 4229316 (S.D. Ga. July 8, 2024), *aff'd sub nom.* Griffin v. Philips, No. 24-12502, 2025 WL 1502188 (11th Cir. May 27, 2025) (*per curiam*).  These rules apply to all litigants, including *pro se* litigants such as Plaintiff.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court.").

Thus, as Plaintiff had previously amended his complaint and the period for amending his complaint as of right had expired, he was required to seek leave to amend rather than simply filing a Third Amended Complaint.  He did not seek leave, and as a result, the pleading dated July 19, 2025, is a nullity, "unless the Court concludes that leave to amend would have been granted had it been sought."  Griffin, 2023 WL 6147795, at *1 (citation omitted); see also Hoover, 855 F.2d at 1544 ("[T]he district court acted properly in treating [plaintiff's] supplemental pleading as a nullity, particularly since it was inclined to deny any motion for leave to amend that [plaintiff] might have filed."); Cooper v. McMichael, No. 221-020, 2024 WL 1219723, at *5 (S.D. Ga. Mar. 21, 2024) (Hall, J.) ("When an amended complaint is filed without seeking leave, it is a legal nullity.").

Here, the Court would not have been inclined to grant leave to amend even had Plaintiff sought it.  Indeed, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182).

Moreover, the Court must consider Plaintiff's amendment is untimely under the Scheduling Notice. The deadline for filing a motion to amend or add parties was April 22, 2025. (Doc. no. 25.) The Court has discretion to determine whether to modify case deadlines. See Sosa v. Airprint Sys. Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (*per curiam*); see also Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not meant to be aspirational. . . . A district court must be able to exercise its managerial power to maintain control over its docket."). In exercising its discretion, the Court is mindful the Federal Rules require entry of a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions" but also allow modification of the deadlines "for good cause." Fed. R. Civ. P. 16(b)(3)-(4). The good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) (citations omitted).

The Court finds there has been undue delay in attempting to add a Defendant, and Defendants would be prejudiced by adding a party at this late date, particularly as discovery has closed and the preparation of dispositive motions has been based on the two Defendants against whom the Court originally allowed claims to proceed. In addition, Plaintiff does not offer any explanation, let alone does he make a showing of good cause, for altering the deadlines in the Scheduling Notice. The deadline for amending the complaint expired over four months ago, discovery expired approximately two months ago, and dispositive motions are due September 10, 2025. Thus, the Court would not have been inclined to grant leave to amend even if it had been sought, and the Third Amended Complaint is a nullity.

**III.    Conclusion**

For the reasons set forth above, the Court **GRANTS** the motion to strike the Third Amended Complaint, (doc. no. 39-1), and **DIRECTS** the **CLERK** to terminate the John Doe Defendant added to the docket when the improper pleading was filed.  Because the Third Amended Complaint is a nullity, the alternative request to dismiss the pleading is **MOOT**. (Doc. no. 39-2.)

SO ORDERED this 10th day of September, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA