IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAWUD BASHAN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-112 |
| | ) | |
| CHRISTOPHER RABUN, Deputy, | ) | |
| Richmond County Sheriff's Office, and | ) | |
| KENNETH E. ATTERTON, Investigator, | ) | |
| Richmond County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff is proceeding *pro se* in this case file pursuant to 42 U.S.C. § 1983. On September 3, 2025, the Court denied an untimely motion from Plaintiff to allow for sixty additional days to conduct discovery, which had closed approximately one and a half months prior to Plaintiff filing his motion. (See doc. no. 41.) On September 10, 2025, Defendants filed a motion for summary judgment, which included clips of video footage which had previously been produced to Plaintiff in response to his discovery requests. (See doc. nos. 42-45; doc. no. 52 , p. 2; doc. nos. 52-3 to 52-6.) Arrangements were made for Plaintiff to view the video evidence in support of the summary judgment motion at the Charles B. Webster Detention Center on September 22, 2025. (Doc. no. 52-7.) Upon viewing the video clips offered in support of the summary judgment motion, Plaintiff filed a "motion to compel" pursuant to Fed. R. Civ. P. 56(d)(3), seeking additional dash camera video footage from Defendant Rabun's car covering a longer time period than that requested

during discovery and complaining that the summary judgment video evidence was but a portion of the entire video from the dash camera. (See doc. no. 48.) Defendants oppose the motion. (Doc. no. 52.)

Under Fed. R. Civ. P. 56(d), "[[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may defer considering or deny the motion; allow time to obtain affidavits or declarations or take discovery; or issue any other appropriate order." Here, Plaintiff does not explain why he cannot oppose Defendants' motion without additional information. He simply asks for additional discovery that should have been requested during the discovery period that closed on July 11, 2025, or otherwise complains that the evidence offered in support of Defendants' motion is a clip of the relevant time period discussed in the motion rather than the entire video.[1] Plaintiff offers no explanation why he did not request the additional footage during the discovery period or otherwise explain why he cannot challenge or discuss the portion of the video clip exhibit in his response to Defendants' motion.

There is no dispute Plaintiff has seen the video footage he requested during the discovery period, as well as the video clip offered in support of the summary judgment motion, and therefore Plaintiff has not shown that he has been denied access to properly requested or cited video footage. The Court has already denied one request from Plaintiff to re-open the discovery period, and in the absence of any additional information supporting what amounts to the same request in

---

[1] Defendants attached Plaintiff's discovery requests and their responses to the opposition to the motion to compel. (See doc. nos. 52-1 to 52-4.). Plaintiff's motion to compel seeks an additional hour of Defendant Rabun's dash camera footage from April 13, 2023, but does not explain the relevance to the motion for summary judgment. (Cf. doc. no. 48, p. 1 with doc. no. 52-1, p. 1; doc. no. 52-2, p. 2.)

Plaintiff's current motion, the Court finds no reason to change its prior ruling. Likewise, Plaintiff fails to provide any details about what is in the video clip offered in support of the motion for summary judgment which he viewed on September 22, 2025, let alone any explanation why additional video is needed to understand or challenge what is shown in the clip. Accordingly, the Court **DENIES** the motion. (Doc. no. 48.)

In conjunction with his motion to compel, Plaintiff also filed a motion for extension of time to respond to the motion for summary judgment, again citing Rule 56(d) and explaining he is attempting to obtain additional information in the form of affidavits and additional video footage. (Doc. no. 49.) As explained above, the discovery period in this case has closed. (See doc. nos. 25, 36.) The time to request additional information or contest the failure of a party or non-party to provide any discovery that was timely requested has passed, and the Court will not now compel production of the information identified in Plaintiff's motion for an extension.

Indeed, even if the discovery requests were timely, the motion does not comply with Local Rule 26.5, which requires Plaintiff to make a good faith effort to resolve his discovery dispute with opposing counsel.[2] The Court has previously informed Plaintiff of this requirement. (Doc. no. 16, p. 5; doc. no. 31, p. 2.) The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the

---

[2]Local Rule 26.5 provides:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.

3

requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).  A motion may also be summarily denied for failing to comply with the Local Rules.  Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[3]

Although the substance of Plaintiff's motion for an extension of time amounts to a request to conduct untimely discovery, which Defendants oppose, Defendants do not oppose a three-week extension of time for Plaintiff to file his response to the motion for summary judgment.  (Doc. no. 53.)  Thus, the Court **GRANTS IN PART** the request for an extension of time.  (Doc. no. 49.)  Plaintiff shall have through and including October 31, 2025, to file his opposition.

To make sure Plaintiff fully understands the ramifications of Defendants' motion for summary judgment should he not file a response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[4]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant.  Griffith v. Wainwright, 772

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[4] Plaintiff was first informed of the consequences of a summary judgment motion in the Court's December 19, 2024 Order.  (Doc. no. 16, p. 6.)

F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also, the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981). When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by

5

reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendants' motion, the consequences are these:  Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed.  See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendants' motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendants' motion, by no later than October 31, 2025.  To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 9th day of October, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA